IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RICHARD DALE., individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| EASY DUMPSTER RENTAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff,  RICHARD DALE ("PLAINTIFF"), and files this Complaint

against Defendant, EASY DUMPSTER RENTAL, LLC ("DEFENDANT") respectfully stating

unto the Court the following:

## GENERAL ALLEGATIONS

1.    This is a cause of action to recover compensatory and liquidated damages, attorney fees,

and other relief from DEFENDANT for violations of the Fair Labor Standards Act

("FLSA").

2.    At all material times, PLAINTIFF was a citizen and resident of Alachua County, Florida.

3.    At all material times, DEFENDANT was a Florida corporation, with its principal place of

business in Alachua County, Florida.

4.    Venue is appropriate in this division because Plaintiff performed work in Alachua County,

Florida on behalf of Defendant and it is that work which is the basis of this lawsuit.

## BACKGROUND

5.    PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. PLAINTIFF seeks damages suffered as the result of that violation.

6. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

7. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

8. Upon information and belief, at all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

10. PLAINTIFF worked for DEFENDANT for approximately one year, until he was terminated in May 2016. During this time, Plaintiff worked as a non-exempt broker linking customers in need of various sizes and quantities of dumpsters with companies that owned those dumpsters.

11. Throughout his employment, Plaintiff was supposed to be paid $10 per hour and an additional $25 commission per each dumpster rented.

12. DEFENDANT failed to pay PLAINTIFF overtime pay for the overtime he worked. Instead, DEFENDANT routinely required PLAINTIFF to work beyond 40 hours per week and failed to pay him time and one-half pay for hours worked beyond 40 hours per week.

13. The FLSA requires an employer to pay its employees at least minimum wage for every hour they work and at a rate of at least one and one-half their regular rate for time worked

in one work week over 40 hours. This is commonly known as "time-and-a-half pay for overtime work."

14. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for all the hours he worked, let alone time and one-half pay for overtime worked when he worked over forty hours per week.

15. PLAINTIFF, therefore is owed compensation paid at a rate of time and one-half for every hour they worked beyond 40 hours per week from DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

19. PLAINTIFF at all relevant times was a non-exempt employees of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

20. During PLAINTIFF'S employment with DEFENDANT, PLAINTIFF performed overtime work for which no additional compensation was paid to him by DEFENDANT in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated §7 of the FLSA by failing to pay time

3

and one-half overtime wages to PLAINTIFF when he was an hourly, non-exempt employee who earned overtime pay.

21.    Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF.

22.    DEFENDANT'S failure to properly administer a scheme of compensation, including, but not limited to, actual time, overtime and/or comp time compensation violates the overtime provisions of the FLSA and the regulations thereunder.

23.    DEFENDANT'S failure to compensate PLAINTIFF for all compensable hours was a willful and knowing violation of the FLSA.

24.    As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delays in receipt of wages owed and damages.

25.    DEFENDANT'S failure to properly administer a compensation scheme for overtime was a willful and knowing violation of the FLSA.

26.    Pursuant to 29 U.S.C. §§207 and 216, DEFENDANT owes PLAINTIFF compensation for overtime work, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

27.    All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that he will recover unpaid overtime wages, liquidated damages, nominal damages, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLORIDA STATUTE 448.01 *et seq.*

28.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

29.     DEFENDANT failed to pay to PLAINTIFF wages due and owing in violation of Florida Statute § 448.01, *et seq*.

30.     Pursuant to Florida Statute § 448.08, PLAINTIFF is entitled to have his attorney's fees paid for by DEFENDANT if he is successful in this action.

31.     DEFENDANT agreed to pay PLAINTIFF a commission of $25 per each dumpster rented, but has failed to pay most of the commissions owed resulting in substantial hardship to PLAINTIFF who rented hundreds if not thousands of dumpsters without being paid the agreed commission

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, unpaid commissions, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S violations of the Florida Statutes; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLSA-RETALIATION

32.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

33.     Upon information and belief, PLAINTIFF was terminated because he engaged in protected activity when he complained his rights under the FLSA were being violated

by DEFENDANT.

34.     DEFENDANT terminating PLAINTIFF for complaining that his rights were being

violated under the FLSA violates the anti-retaliation provisions of the FLSA.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover unpaid wages, damages for emotional distress and

embarrassment, pre- and post-judgment interest, attorney fees, and other relief by reason of

DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such

other and further relief as the Court may deem just and proper.


Dated:  May 9, 2016




                                        Respectfully submitted,

                                        **THE LAW OFFICE OF**
                                        **MATTHEW BIRK, LLC**



                                        /s/ Matthew W. Birk            _____
                                        **Matthew W. Birk**
                                        Florida Bar No.:  92265
                                        309 Northeast First Street
                                        Gainesville, FL  32601
                                        (352) 244-2069
                                        (352) 372-3464 FAX
                                        mbirk@gainesvilleemploymentlaw.com
                                        ATTORNEYS FOR PLAINTIFF