IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD DALE,

     Plaintiff,

vs.                          CASE NO.: 1:16-cv-00167-MW-GRJ

EASY DUMPSTER RENTAL, LLC,

     Defendant.

_____/

## DEFENDANT'S MOTION FOR SCHEDULING ORDER AND STAY OF PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

Defendant, EASY DUMPSTER RENTAL, LLC, pursuant to Rules 1 and 16, Federal Rules of Civil Procedure, moves for a scheduling order tailored to meet the particular circumstances of this case which is based on the Fair Labor Standards Act ("FLSA"), consistent with the just, speedy, and inexpensive administration of justice, as follow:

1.     This case is for unpaid wages under the FLSA and the Florida statute.

2.     The Complaint alleges that Plaintiff was employed as a non-exempt employee for approximately one (1) year and that he was not paid overtime for all the hours he worked beyond 40 hours in a week. Plaintiff gives no further details about the hours he allegedly worked or the pay he allegedly did not receive. Plaintiff also

complains that he was not paid commissions for the dumpsters he rented ($25 per every dumpster).  (Complaint ¶¶ 10-12, 31)[1]

3.     Plaintiff did not make a pre-suit demand and never complained to Defendant regarding any overtime or other pay he allegedly believes he is owed.

4.     Due to the nature of FLSA cases where the plaintiff's wages due can be de minimis while the attorney fees for both parties are significant, Florida district courts including this Court have routinely issued FLSA Scheduling Orders "designed to require the parties to exchange basic information and engage in settlement discussions early in the case to avoid needless litigation and discovery." Dougan v. Armitgage Plumbing, LLC, 2011 WL 5983352 at *n.1 (M.D. Fla. Nov. 14, 2011).

5.     To engage in early settlement discussions and avoid needless litigation and discovery, Defendant requests that this Court adopt a Scheduling Order consistent with the FLSA Scheduling Order that has been previously issued by this Court.

---

[1] Plaintiff has also added a claim for retaliation under the FLSA based on a single, conclusory allegation that "upon information and belief, PLAINTIFF was terminated because he engaged in protected activity when he complained his rights under the FLSA were being violated by Defendant."  (Complaint ¶ 33) This claim has no factual allegations or even basic details about when, to whom and how the alleged complaint was made.

6.   Based on defense counsel's experience, FLSA Scheduling Orders have been extremely effective in resolving nearly all, if not all, FLSA cases early on in the case without the incurrence of significant attorneys fees on both sides.  Particularly, in this District, the involvement of the Honorable Magistrate Judge Gary Jones during the mediation conference provided in the Scheduling Order has resulted in the settlement of numerous cases defended by counsel.

7.   Pursuant to the Scheduling Order, Plaintiff shall first file an answer the Court's Interrogatories under oath identifying the hours of work, rate of pay and wages paid, including overtime pay under oath; Defendant shall then file a verified summary of Plaintiff's hours and wages paid and serve (but not file) a copy of all related time sheets and payroll records; and the parties shall confer in person in a good faith effort to settle all pending issues, including attorney fees and costs and then file a Report Regarding Settlement indicating whether either party requests a settlement conference before the United States Magistrate Judge, if no settlement was reached.

8.   During this time, the Scheduling Order shall stay provisions of Rule 26(a)(1) concerning the initial disclosures and filing of a case management report and further discovery.  Also, the Scheduling Order shall stay the filing of a responsive

3

pleading to the complaint pending the parties' compliance with the Scheduling Order,

until such time as a Case Management Report is filed or ordered by the Court.


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(B), counsel for Defendant has conferred with

Counsel for Plaintiff who has indicated he does not agree to the motion.


## MEMORANDUM OF LAW

A Scheduling Order requiring the plaintiff's early, sworn identification of

wages due and the defendant's production of payroll records will facilitate the just,

speedy, and inexpensive administration of justice.  See Rules 1 and 16, Fed.R.Civ.P.

This is particularly true in a FLSA case where the plaintiff's wages due can be de

minimis while the attorney fees for both parties are significant.  See Mitchell v.

Sammy's Inv., LLC, 2007 WL 1549238 (M.D. Fla.), Slip Copy ("This is one of a

plethora of cases filed in this division of the Court in which plaintiffs initially contend

that they have significant wages due to them under the FLSA, only to resolve the case

for a de minimis amount to the plaintiffs but a significant payment of attorney's

fees.")

Here, Plaintiff worked for Defendant for approximately one (1) year and unpaid wages allegedly due would be fairly limited.  Moreover, there are no unique issues in this case and no reasons why the requested FLSA Scheduling Order should not be issued in the interest of just, speedy and inexpensive administration of justice.  In fact, all of the FLSA cases filed by Plaintiff's attorney and defended by defense counsel have resulted in an early resolution of the case through the requested process notwithstanding the objection by Plaintiff's attorney and the inclusion of additional claims (i.e., breach of contract, unpaid wages or negligent hiring).

WHEREFORE, Defendant requests that this Court issue the requested scheduling order and stay further discovery and the filing of a responsive pleading pending the parties' compliance with the Scheduling Order, until such time as a Case Management Report is filed.

<u>CERTIFICATE OF COMPLIANCE AS TO WORD LIMIT</u>

I HEREBY CERTIFY that the foregoing document including the Memorandum of Law contains a total of 1,039 words.

5

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2016, I filed the foregoing

with the Clerk of the Court using the CM/ECF system which will automatically send

a notice to Counsel for Plaintiff, Matthew W. Birk.

Respectfully submitted,

s/Paul A. Donnelly
Paul A. Donnelly, Trial Counsel
Florida Bar No. 813613
paul@donnellygross.com
Jung Yoon
Florida Bar No. 599611
jung@donnellygross.com

Donnelly + Gross
2421 NW 41st St, Suite A-1
Gainesville, FL 32606
Telephone: (352) 374-4001
Facsimile: (352) 374-4046

Counsel for Defendant