IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD DALE,

    Plaintiff,

vs.                               CASE NO.: 1:16-cv-00167-MW-GRJ

EASY DUMPSTER RENTAL, LLC,

    Defendant.

_____/

## AGREED MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Defendant, EASY DUMPSTER RENTAL, LLC, files this Agreed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice and requests the Court to approve the parties' settlement of Plaintiff's claims under the Fair Labor Standards Act, in addition to his other claims.

**Background and Procedural History**

1.    Plaintiff, through his prior counsel, filed this action in May 2016 claiming an overtime violation under the FLSA (Count I), unpaid commissions under Florida Statute § 448.01 *et seq*. (Count II) and alleged

retaliation under the FLSA (Count III). (Doc. 1) Early efforts to resolve this action were unsuccessful.

2. On February 6, 2017, counsel for Plaintiff moved to withdraw from representing Plaintiff, which was granted. The case was stayed for several months to allow Plaintiff to obtain new counsel and his case file from prior counsel. (Docs. 24, 25, 28) Plaintiff was unable to retain counsel during the stay and elected to proceed *pro se.* (Doc. 37)

3. On August 22, 2017, Plaintiff's deposition was taken during which Plaintiff acknowledged his primary claim in this action is his alleged unpaid commissions claim. Moreover, although Plaintiff acknowledged he received the notice of taking his deposition duces tecum, which required him to bring documents and evidence supporting his claims to the deposition, Plaintiff brought no documents and evidence supporting his claims. Plaintiff's deposition was recessed, and the parties reached a settlement agreement resolving all of Plaintiff's claims.

## Bases for Motion

4. Defendant denies any money is owed under the FLSA or state law. And, Defendant denies that Plaintiff was retaliated against under the FLSA. Defendant's audit of Plaintiff's time and payroll records showed Plaintiff was properly paid overtime for all overtime hours he reported for each workweek, which ranged from 0 to over 20 overtime hours. In fact, Defendant's audit confirmed Plaintiff was overpaid. (See Doc 9 - Defendant's Verified Summary) Moreover, Defendant denies there was an agreement to pay Plaintiff any commission. No call center representative like Plaintiff has received commissions from Defendant. Plaintiff received regular paychecks for the hours he worked for the entirety of his employment (over one year) and continued to work for Defendant without the payment of any commission until his termination.

5. Had the parties not reached a settlement of this case, Defendant would have proceeded with the completion of Plaintiff's deposition and moved for summary judgment on all counts.

6. In the interest of economy and as a compromise of a bona fide dispute, the parties have agreed to reach a full and complete settlement of Plaintiff's disputed, denied and doubtful claims as follows:

    a. Defendant will pay Plaintiff a gross amount of $500.00, less applicable withholding of taxes and FICA, in settlement of his disputed and denied wages claims.

    b. Defendant will pay Plaintiff a gross amount of $500.00 in settlement of his disputed and denied liquidated damages claims.

    c. Each party will bear its/his own attorney fees and costs.

    d. The payments will be made to Plaintiff within fourteen (14) days of this Court's approval of the settlement.

7. The settlement is a fair and reasonable resolution of a bona fide dispute under <u>Lynn's Food stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).

8. The parties have agreed to settle this case voluntarily and knowingly. Though Plaintiff is proceeding *pro se*, he was previously

represented by counsel who counseled him on the merits of his case. Moreover, Plaintiff was given ample time to retain counsel in this case.

9. Upon the Court's approval of the parties' settlement of this action, the parties agree to the dismissal of this matter, with prejudice and stipulate to a final order of dismissal.

10. Counsel for Defendant has contacted Plaintiff via his personal email address (dcdale@cox.net), and Plaintiff has confirmed his agreement with this Motion and has authorized counsel for Defendant to file this Motion on his behalf. See Exhibit A.

## MEMORANDUM OF LAW

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement

> to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The settlement of the instant action reflects a reasonable compromise of disputed issues. All of Plaintiff's claims are denied and disputed by Defendant, and Plaintiff has produced no evidence to support any of his claims. Moreover, though Plaintiff is proceeding *pro se*, he was previously represented by counsel who counseled him on the merits of his case and had ample time to retain counsel.

Wherefore, the Parties respectfully submit that the settlement is a reasonable compromise of the disputed issues and should be approved and request that this case be dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| s/James Richard Dale | s/Paul A. Donnelly |
| 7711 SW 47th Lane | Paul A. Donnelly, Trial Counsel |
| Gainesville, FL 32608 | Florida Bar No. 813613 |
| Telephone: (352) 376-1446 | paul@donnellygross.com |
| dcdale@cox.net | Jung Yoon |
| | Florida Bar No. 599611 |
| Plaintiff | jung@donnellygross.com |
| | Donnelly + Gross |
| | 2421 NW 41st St, Suite A-1 |
| | Gainesville, FL 32606 |
| | Telephone: (352) 374-4001 |
| | Facsimile: (352) 374-4046 |
| | |
| | Counsel for Defendant |

**From:** Jung Yoon
**Sent:** Wednesday, August 23, 2017 1:24 PM
**To:** 'dcdale@cox.net' <dcdale@cox.net>
**Subject:** settlement of your case against Easy Dumpster

Mr. Dale,

Attached is our agreed motion asking the Court to approve the parties' settlement and dismiss the case with prejudice.  <u>Please be sure to review the entire document including the signature page on page 7 and confirm your agreement to me so we can represent to the Court that you agree and has authorized us to file the motion</u>.  We plan to attach this email and your response as an exhibit to the motion.

Pages 4-5 contain the terms of the settlement and confirm to the court that the settlement was reached voluntarily and knowingly.  The payments will be provided to you within 14 days of the Court's approval.

Please do not hesitate to contact me if you have any questions about the motion or anything else regarding the settlement.  Otherwise, I look forward to receiving your confirmation to this email.

Thank you.


Jung Yoon
Partner
Donnelly + Gross
jung@donnellygross.com
2421 NW 41st Street
Suite A-1
Gainesville, FL 32606
352-374-4001
352-374-4046 (facsimile)

This email message, and any attachments hereto, contains privileged and confidential information intended only for the use of the person or entity named above.  If the reader or recipient of this message is not the individual or entity named above, or the employee or person responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited by the law and by the sender.  If you have received this communication in error, please immediately notify the sender by email at jung@donnellygross.com or by telephone (collect) at the above telephone number.

EXHIBIT "A"

-----Original Message-----
From: dcdale@cox.net [mailto:dcdale@cox.net]
Sent: Sunday, August 27, 2017 5:11 PM
To: Jung Yoon <jung@donnellygross.com>
Subject: Re: settlement of your case against Easy Dumpster


---- Jung Yoon <jung@donnellygross.com> wrote:
> Mr. Dale,
> ==I agree per the documents I signed==
> Attached is our agreed motion asking the Court to approve the parties' settlement and dismiss the case with prejudice. Please be sure to review the entire document including the signature page on page 7 and confirm your agreement to me so we can represent to the Court that you agree and has authorized us to file the motion. We plan to attach this email and your response as an exhibit to the motion.
>
> Pages 4-5 contain the terms of the settlement and confirm to the court that the settlement was reached voluntarily and knowingly. The payments will be provided to you within 14 days of the Court's approval.
>
> Please do not hesitate to contact me if you have any questions about the motion or anything else regarding the settlement. Otherwise, I look forward to receiving your confirmation to this email.
>
> Thank you.
>
>
> Jung Yoon
> Partner
> Donnelly + Gross
> jung@donnellygross.com<mailto:jung@donnellygross.com>
> 2421 NW 41st Street
> Suite A-1
> Gainesville, FL 32606
> 352-374-4001
> 352-374-4046 (facsimile)
>
> This email message, and any attachments hereto, contains privileged and confidential information intended only for the use of the person or entity named above. If the reader or recipient of this message is not the individual or entity named above, or the employee or person responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited by the law and by the sender. If you have received this communication in error, please immediately notify the sender by email at jung@donnellygross.com<mailto:jung@donnellygross.com> or by telephone (collect) at the above telephone number.
>